MARY ANN BROADERS *vs.* WILLIAM TOOMEY.

If it appears that the defendant in an action to recover for board of his minor son originally agreed to pay for the same, and he relies in defence upon a new agreement by the plaintiff that the boy's labor should be taken as an equivalent for his board, and files a declaration in set-off to that effect, it is incumbent on the defendant to prove it.

CONTRACT to recover for board of the defendant's minor son. The defendant in the answer denied that he was liable therefor, and filed a declaration in set-off, claiming the same sum, as compensation for his son's labor, which the plaintiff in the writ claimed for his board.

At the trial in the superior court, before *Ames*, J., it appeared that the plaintiff furnished the board for the time alleged, and that her charge therefor was reasonable, provided she was entitled to recover at all; and that at the outset the defendant agreed to pay therefor. The defendant introduced evidence tending to show that the plaintiff afterwards agreed that the boy's labor should be taken as an equivalent for his board, and asked the court to rule that the burden was on the plaintiff through the whole case to satisfy the jury that the defendant agreed to pay for the boy's board, and that if this were left doubtful the plaintiff could not recover. The judge so ruled; but added that, " under the pleadings in the case, there being a declaration in set-off, and it being conceded that the agreement originally was to pay board, and there being no controversy as to the amount or length of time, provided the defendant was liable at all, if the defendant relies upon such new and subsequent agreement, modifying and altering the original one, the burden of proof as to such new agreement is upon him."

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*G. F. Hoar*, (*A. Dadmun* with him,) for the defendant, cited *Phelps* v. *Cutler*, 4 Gray, 137 ; *Crowninshield* v. *Crowninshield*, 2 Gray, 524; *Burnham* v. *Allen*, 1 Gray, 496 ; *Morrison* v. *Clark*, 7 Cush. 213; *Delano* v. *Bartlett*, 6 Cush. 366.

*H. B. Staples*, for the plaintiff, cited *Worcester* v. *Wilbraham*, 13 Gray, 586; *Rice* v. *Dwight Manuf. Co.* 2 Cush. 80; *Oakham* v. *Sutton*, 13 Met. 192; *Lincoln* v. *Stevens*, 7 Met. 529; *Brown* v. *King*, 5 Met. 173; *Kilburn* v. *Bennett*, 3 Met. 199 ; *Davis* v. *Jenney*, 1 Met. 221.

DEWEY, J. The ruling in the present case must be taken to have been that the burden of proof was on the plaintiff through the whole case, to establish the facts necessary to support her declaration. The further ruling may be considered as applicable to the defence set up, of a new and subsequent agreement modifying and changing the old one, under which the defendant agreed to pay for his son's board, and to require that such new contract, before effect could be given to it by the jury, must be ·

established by proof, and that so far the burden rested on the defendant. As thus understood, taking the ruling altogether, there is no sufficient ground for setting aside the verdict. It did no more than impose upon the defendant the duty of proving a new and subsequent agreement relied on by him as a defence to the original one, if he would avail himself of it.

*Exceptions overruled.*